Flatley, J.
This is an action in contract and in quantum meruit in which the plaintiff, Classic Cabinetry, Ltd. (“Classic”), sought to recover the balance due on two written *176 contracts for labor provided and materials sold and delivered to the defendants, John and Mary DeMusis (“the DeMusis”).
The answer admitted that the contracts were valid, that the labor was provided and the materials delivered, but denied that any money was due on the grounds that Classic had failed to file its present contract claim as a compulsory counterclaim in a prior negligence action filed by the DeMusis against Classic in the Boston Municipal Court.
At issue on this appeal is whether Classic’s contract action is barred under Rule 13 of the Dist./Mun. Cts. R. Civ. P. because Classic failed to assert such contract claim as a compulsoiy counterclaim in the Boston Municipal Court action. This issue was the subject of a hearing on the defendants’ motion to dismiss or in the alternative for summary judgment, in connection with which both parties filed affidavits and memo-randa of law. The court denied the defendants’ motion.
Atrial was scheduled for October 25, 1991 before another judge; however, in lieu of atrial, the plaintiff and the defendants submitted an “Agreed Statement of Facts” to the court which indicated that all material facts were undisputed. The plaintiff also submitted a motion for summary judgment with a supporting affidavit and brief, and the defendants filed requests for rulings of law.
The court found in favor of the defendants, and did not expressly rule on the plaintiffs motion for summary judgment.
At the request of the defendants, the court made the following rulings from which the plaintiff now appeals:
1. The defendants are entitled to judgment in the matter because the plaintiffs claim is barred by the compulsory counterclaim provisions of Massachusetts Rules of Civil Procedure Rule 13.
ALLOWED.
2. The defendants were required to assert by way of counterclaim the claim they now assert in this matter as said claim arises out of the same factual nexus as the Boston Municipal Court Action.
ALLOWED.
3. The evidence as presented warrants a finding for the defendants.
ALLOWED.
The Agreed Statement indicates that plaintiff Classic Cabinetry, Ltd. had performed renovations to the defendants’ condominium unit in Boston.. During the course of the work, a door was left unsecured and the apartment was burglarized.
The defendants brought suit in Boston Municipal Court. The relevant documents from the Boston Municipal Court case are included in the report to this Division. The complaint clearly alleged that the parties had a contract for renovations, and that Classic negligently installed a door frame and door which were not properly secured.
Classic referred the matter to its insurer to defend. The insurer provided legal counsel who represented Classic in the ensuing settlement negotiations between the parties. The case was ultimately settled for $3,000.00. Classic paid the DeMusis who then executed a release containing specific language releasing Classic from further liability as a result of the complaint. A stipulation of dismissal was filed in the Boston Municipal Court case.
The sole issue before this Division is the propriety of the trial judge’s ruling that Classic’s complaint is barred by Rule 13 as a compulsory counterclaim which should have been filed in the prior Boston Municipal Court action.
Rule 13 of the Dist./Mun. Cts. R Civ. P. provides as follows:
(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the *177 transaction or occurrence that is the subject matter of the opposing party’s claim and does not either require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction or constitute an action required by law to be brought in a judicial district other than the judicial district in which the court is sitting. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13, or (3) if part or all of the pleader’s claim is based upon property damage arising out of a collision, personal injury including actions or consequential damages, or death.
A counterclaim is regarded as prima facie compulsory if: (1) the court has power to grant the relief sought; (2) the defendant [i.e., Classic] possesses the claim at the time of serving the answer, and (3) the claim arises out of the transaction or occurrence that is the subject matter of the plaintiff s claim [i.e., the DeMusis’ claim in the Boston Municipal Court action].
In determining whether the claims arise out of the same transaction or occurrence, the court must consider whether the counterclaim “proceeds from the same wrong,” Potier v. A. W. Perry, Inc., 286 Mass. 602, 608 (1934), whether the same evidence underlies both claims, whether the factual and legal issues are substantially similar, and whether the two claims are “logically related.” Volpe Construc. Co. v. Trustees of Tufts College, 1 Mass. App. Ct. 38, 39-40 (1973). The governing rule
should be construed in a sense to effectuate the settlement in the proceeding of controversies so closely connected as appropriately to be combined in one trial in order to prevent the duplication of testimony, to avoid unnecessary expense to the parties and to the public, and to expedite the adjudication of suits.
Potier v. A. W. Perry, Inc., supra at 608.
Classic argues on this appeal that the DeMusis’ suit was a negligence action whereas the present suit is a contract case, and that the two claims proceed from separate “wrongs.” Classic contends that the wrong in the Boston Municipal Court case was the burglary of the DeMusis condominium or, in the alternative, the negligent installation of the door.
It is clear, however, that the wrong complained of in the first case, which sounded in tort for negligence, was in fact a complaint that Classic had a contractual duty to install the door securely in a good and workmanlike manner, and that Classic failed to do so in breach of such contractual duty. Classic’s defense in that action would necessarily have been that its work was performed according to the terms of the contract and in a workmanlike manner and that it had not breached its contract. Thus the contract was placed squarely in issue in the Boston Municipal Court action.
Further, the record before this Division indicates that at the time it filed its answer in the Boston Municipal Court, Classic had completed all the work called for in the contract, had not been paid in full by the DeMusis for the work done and was owed a balance of approximately $12,000.00. The DeMusis had claimed losses of approximately $10,000.00 in consequence of the burglary which resulted from Classic’s negligent installation of a door. Having completed its contract work, Classic should have counterclaimed for the balance of contract payments then due. Issues of the quality of the workmanship and any moneys owed to either the plaintiff or the defendants could have been resolved in one trial.
Consequently, the trial judge correctly ruled that the plaintiffs contract claim *178 should have been filed, in compliance with Dist/Mun. Cts. R Civ. P., Rule 13(a), as a compulsory counterclaim in the prior action between the parties. Judgment was properly entered for the defendants.
In view of such proper ruling and judgment, the trial court was not required to act separately on the plaintiffs motion for summary judgment.
There being no error of law, the report is dismissed.