Sherman, RJ.
The parties are before this Division on two Dist./Mun. Cts. R. A. D. A., Rule 8A expedited appeals by Jackie Jenkins Scott (“Scott”) of rulings and judgments in favor of Wilshire Credit Corporation (‘Wilshire”) in separate actions filed in the Newton Division of the District Court Department.
The controversy at issue arose from Scott’s default in payments on an “Equity Access Agreement” or promissory note given by Scott to the First American Bank for Savings on September 15,1987 to obtain a $90,000.00 “revolving line of credit.” The note carried interest at 9.75% per annum, provided for periodic payments and for the holder’s acceleration of the full balance of principal and interest in the event of Scott’s default, and was secured by a mortgage on property owned by Scott in Newton, Massachusetts. Wilshire is the holder and assignee of the note which it purchased from the Federal Insurance Deposit Corporation (“FDIC”) following the insolvency and liquidation of the First American Bank for Savings.
*92 Wilshire Credit Corporation v. Scott - No. 9416
On September 8,1995, Wilshire served Scott with a formal written demand for payment of the $159,235.17 outstanding balance of principal and interest due on the note. Scott did not respond, and Wilshire commenced suit on November 6, 1995 to recover the balance, plus interest from the date of demand, costs and attorney’s fees. A copy of the note bearing Scott’s signature and of the written demand were attached to Wilshire’s complaint. Scott, acting pro se, filed a Mass. R. Civ. R, Rule 12(b) (6) motion to dismiss, which was denied. Scott thereafter filed a pro se answer with affirmative defenses alleging that there was no contractual privity between the parties and that Wilshire’s complaint failed to state an actionable claim.
On March 25,1996, Wilshire filed a motion for summary judgment supported by the affidavit of its employee responsible for the records in Scott’s case who attested to the amount of principal and interest owed. Proceedings were temporarily stayed by Scott’s filing of a suggestion of bankruptcy, which was withdrawn on June 4, 1996. Scott, still acting pro se, thereafter moved unsuccessfully to remove the action to the Superior Court.
Scott finally retained legal counsel who, on October 24,1996, filed a motion to amend Scott’s answer to include the defense of the statute of limitations. Counsel also filed “Defendant’s Opposition to Plaintiff’s Motion for Summary Judgment,” a four-paragraph, unsworn statement signed by counsel which asserted that summary judgment should be denied on the basis of the statute of limitations and, pursuant to Mass. R. Civ. R, Rule 56(f), “on the further grounds that the defendant has not had an opportunity to determine through discovery the basis for the plaintiff’s claim.” Finally, counsel submitted two affidavits on Scott’s behalf. The first, counsel’s own affidavit, asserted only that the statute of limitations was a “viable defense” to Wilshire's claim. The second affidavit by James M. Scott, the defendant’s husband, merely indicated that the last payment on the note was made in January, 1989.
After hearing, the trial court denied Scott's motion to amend her answer and allowed Wilshire’s motion for summary judgment Scott’s first expedited appeal to this Division challenges those rulings.
1. A Mass. R. Civ. R, Rule 15 motion to amend rests within the discretion of the trial judge, Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 549 (1987), and no abuse of such discretion attended the denial of Scott’s motion to amend her answer. While the general rule is that leave to amend “should be granted unless there are good reasons for denying the motion,” Manfrates v. Lawrence Plaza Ltd. Parts, 41 Mass. App. Ct. 409, 413 (1996), the fbtility of the proposed amendment has been recognized as an adequate and appropriate reason for refusing Rule 15 relief. Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 265 (1991); School Comm. of Brookline v. Bureau of Special Ed. Appeals, 389 Mass. 705, 714-715 (1983).
Scott’s proposed amendment would have been futile as it would have added an affirmative defense to her answer based on an inapplicable state statute of limitations. Contrary to her contention, Wilshire’s action, as assignee of the FDIC, is governed not by the G.L.c. 260, §1 six year limitations period for contract actions, which accrue on the date of breach or demand, but by 12 U.S.C. §1821 (a) (14) which was enacted in 1989 as part of the Financial Institutions Reform, Recovery and Enforcement Act (“FIRREA”). The federal statute creates a six year statute of limitations for actions brought by the FDIC as conservator or receiver of a failed financial institution, with the cause of action accruing from the date of the appointment of the FDIC as conservator or receiver. The FIRREA limitations provision was intended to protect the FDIC from state statutes of limitations which could preclude its efforts to marshal the assets of a failed bank by proceeding against its debtors. The FIRREA statute of limitations has been extended to cover assignees *93 of the FDIC such as Wilshire who bring suit on an instrument purchased from the FDIC. See Cadle Company v. 1007 Joint Venture, 83 F. 3d 102 (5th Cir. 1996); FDIC v. Bledsoe, 989 F. 2d 805, 810 (5th Cir. 1993); Mountain States Financial Resources Corp. v. Agrawal, 777 Fed. Supp. 1550, 1552 (W.D.Okla. 1991). Pursuant to 12 U.S.C. §1821 (a) (14), the six year limitations period applicable herein did not begin to run until Scott’s note was transferred and assigned by the FDIC to Wilshire in October, 1990. As Wilshire filed its complaint on November 6, 1995, this action was timely commenced within the federal statute of limitations.
2. There was also no error in the allowance of Wilshire’s motion for summary judgment.
Wilshire’s submission of the note signed by Scott, a copy of its demand for payment and the affidavit of its employee attesting to the outstanding balance due presented a prima facie case of Wilshire’s recovery, see Loew v. Minasian, 361 Mass. 390, 391 (1972); Espinola v. Riley’s Liquors, Inc., 1994 Mass. App. Div. 96, 97, and was sufficient to satisfy its burden, as the Rule 56 moving party, of demonstrating its entitlement to judgment as a matter of law. Scott failed to meet the burden which then shifted to her to allege “specific facts” demonstrating the existence of a genuine triable issue. See Smith v. Massimiano, 414 Mass. 81, 85-86 (1993): A. John Cohen Ins. Agency v. Middlesex Ins. Co., 8 Mass. App. Ct 178, 181 (1979). The affidavit of Scott’s husband, which set forth only the date of Scott’s last note payment, raised no factual issue as to Scott’s liability for Wilshire’s claim. Both this affidavit and the affidavit of Scott’s counsel were germane only to the inapplicable state statute of limitations relied upon, but never successfully raised, by Scott.
The unsworn statement by Scott’s attorney that additional time for discovery was required to investigate and respond to Wilshire’s claim utterly failed to constitute an adequate Rule 56(f) request which, in the trial judge’s discretion, could have delayed or defeated summary judgment for Wilshire. The statement was not in affidavit form as mandated by Rule 56(f), Aronson v. Commonwealth, 401 Mass. 244, 254-255 (1987); Fidelity Management & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 201 (1996), and lacked sufficient specification of particular facts within Wilshire’s exclusive knowledge or control and the discovery steps Scott had taken to obtain such information. See A John Cohen Ins. Agency v. Middlesex Ins. Co., supra at 183.
Scott v. Wilshire Credit Corp. - No. 9417
Approximately seven months after the commencement of Wilshire’s action, Scott, still acting pro se, filed a separate suit to recover for Wilshire’s alleged fraud, negligence, deceit and abuse of process in connection with the loan transaction and the filing of its suit. Scott did not effect service of process in compliance with the requirements of Mass. R. Civ. R, Rule 4, but instead forwarded a copy of the complaint, without a summons, by certified mail to Wilshire’s attorney. By its answer and a subsequent motion, Wilshire sought dismissal of the action pursuant, inter alia, to: Mass. R. Civ. P., Rules 12(b)(4) and 12(b)(5), for insufficient process and service of process;[1] Mass. R. Civ. R, Rule 13(a), for failure to file the complaint as a compulsory counterclaim: Mass. R. Civ. R, Rule 4®, for Scott’s failure to complete service within 90 days of the filing of her complaint. The trial court allowed Wilshire’s motion, and Scott filed the second Rule 8A expedited appeal now before us.
Again, there was no error. Incorporating the “salutary and well-established rules against claim splitting,” Yentile v. Howland, 26 Mass. App. Ct. 214, 216 (1988), *94 Rule 13(a) precludes recovery in a separate or subsequent action on a claim which should have been filed as a compulsory counterclaim in a prior action between the parties. It is undisputed that all of the allegations set forth in Scott’s complaint were matters which arose not only from the same note transaction at issue in Wilshire’s case, but also from the case itself. Both parties agreed at oral argument before this Division that Scott’s claims should have been filed as compulsory counterclaims in Wilshire’s action, a position almost unavoidable in view of the fact that Scott’s complaint itself expressly references Wilshire’s payment collection efforts and eventual suit as the genesis of her alleged claims.
As Scott failed to file what amounted to compulsory counterclaims in Wilshire’s action, the trial court properly allowed Wilshire’s motion to dismiss Scott’s subsequent action for recovery on such claims. Id.; Classic Cabinetry, Ltd. v. DeMusis, 1992 Mass. App. Div. 175, 177-178; Eastern Metal Bill Products Co. v. Reilly, 1983 Mass. App. Div. 227, 230. Scott argues that as she was proceeding pro se, the trial court should have viewed her complaint counts with some leniency, treating them as compulsory counterclaims. It is axiomatic, however, that the “right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.” Commonwealth v. Barnes, 399 Mass. 385, 392 (1987). Rules of court are as binding on pro se litigants as they are on parties represented by counsel, Pandey v. Roulston, 419 Mass. 1010, 1011 (1995); Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985), and there was no abuse of discretion in the trial judge’s refusal to excuse Scott from the requirements of Rule 13(a) because of her pro se status.
Similarly, Scott’s pro se status was not alone sufficient to justify her failure to complete service on Wilshire within 90 days of the filing of her complaint as required by Mass. R. Civ. R. Rule 4(j). Upon the expiration of the 90 day period, a dismissal of her action was mandated by Rule 4(j). Actual notice to a defendant or his knowledge of the suit will not prevent such a dismissal. Glasser v. Degenhart, 1995 Mass. App. Div. 42, 43. The burden was on Scott to avoid such dismissal by demonstrating “good cause” for her failure to effect service within the time prescribed. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991), aff’ing 1990 Mass. App. Div. 6. “Good cause” under Rule 40) “has been held to require at least as much as would be necessary to show excusable neglect as opposed to ordinary mistake, neglect or inadvertence.” Stevens v. Bradlees Inc., 1995 Mass. App. Div. 9, 11 (1995). Given the “stringent” standard for “good cause” under Rule 4(j), Shuman v. The Stanley Works, supra at 953, there was no abuse of discretion in the trial judge’s determination that Scott’s election to proceed pro se in filing suit against Wilshire may have explained, but did not excuse, her failure to comply with the time strictures of Rule 4(j).
Accordingly, the trial court’s judgment for Wilshire Credit Corporation is affirmed in each action. Appeals dismissed.
So ordered.

 Given Wilshire’s specific inclusion of allegations as to insufficient process and service of process in both its answer and motion to dismiss, it is unnecessary to address Scott’s contention that Wilshire waived such defenses by filing an appearance and answer.