Greco, J.
This is an action in tort to recover for personal injuries allegedly sustained by the plaintiff in an accident involving the plaintiffs and the defendant’s motor vehicles. The trial court dismissed the action pursuant to Mass. R. Civ. R, Rule 40) for the plaintiffs failure to serve a summons and copy of the complaint upon the defendant within ninety days of complaint filing. The plaintiff has appealed that ruling pursuant to Dist./Mun. Cts. R.AD A., Rule 8C.[1]
1. On October 18,1995, one day prior to the expiration of the statute of limitations, the plaintiff commenced this action in the Salem Division of the District Court Department. The plaintiff failed to effect service of process with ninety days of the filing of her complaint as required by Mass. R. Civ. R, Rule 40), and further *177 failed to file a Mass. R. Civ. R, Rule 6(b) motion for an extension of time to make service. The plaintiff did not in fact serve the defendant until February 23,1996, one hundred and twenty-eight (128) days after complaint filing.
The defendant immediately filed a motion to dismiss the action for the plaintiffs failure to comply with Rule 4®. At the motion hearing, the plaintiff moved for the first time to enlarge the time for making service. The court allowed the defendant’s motion to dismiss. Given such ruling, we construe the absence of any specific action on the defendant’s motion to enlarge the time as an implicit denial of the defendant’s motion.
Rule 4(j) mandates the dismissal of any action in which service is not made within ninety days and the plaintiff is unable to show “good cause” as to why service was not timely made. Stevens v. Bradlees, Inc., 1995 Mass. App. Div. 9, 11; Glasser v. Degenhart, 1995 Mass. App. Div. 42, 43. The burden of proof is on the plaintiff, Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 952 (1991); Wilshire Credit Corp. v. Scott, 1997 Mass. App. Div. 91, 94, and the question of whether the plaintiff has failed to demonstrate “good cause” is addressed to the motion judge’s discretion. Shuman v. The Stanley Works, supra at 953. An abuse of that discretion would be found only when the court’s Rule 4(j) ruling constituted a judicial determination which “no conscientious judge, acting intelligently, could honestly” have made. Mazzoleni v. Cotton, 33 Mass. App. Ct. 147, 152-153 (1992), quoting from Davis v. Boston Elev. Rwy, 235 Mass. 482, 502 (1920).
“Good cause” under Rule 4® has been defined as
a stringent standard requiring diligen [t] albeit unsuccessful effort to complete service within the period prescribed by the rule... The focus of the court’s inquiry is the reasonableness and diligence of counsel’s effort to effect service within the time required.
Shuman v. The Stanley Works, supra at 953. See also, Pereira v. Imperial Sav. Assoc., 1993 Mass. App. Div. 62, 63. In the instant case, no effort of any kind was made to effect service within the required time.
Further, while a defendant’s evasion of service or other conduct may constitute “good cause” for a plaintiff’s non-compliance with Rule 4O'), the defendant in this case did nothing to avoid service, conceal her whereabouts or mislead the plaintiff into thinking that service was unnecessary or had been waived. Compare Stevens v. Bradlees, Inc., supra at 11, where the defendant actively participated in the case despite the absence of effective service. Plaintiff’s counsel’s discussions with a representative of the defendant’s insurer did not excuse the plaintiff’s failure to satisfy Rule 4(j) requirements. The insurer’s mere willingness to discuss mediation of the dispute, and its acceptance of a “courtesy copy” of the complaint forwarded by plaintiff’s counsel, fell well short of conduct by the defendant designed to mislead the plaintiff into believing that timely service of process was not required.
Finally, it is irrelevant that the plaintiff’s cause of action is now time-barred. The expiration of the statute of limitations “does not prevent the operation of Rule 4 ®, much less provide a basis of a finding of good cause for the failure to make service.” Hull v. Attleboro Savings Bank, 33 Mass. App. Ct. 18, 27 (1992).
Accordingly, the motion judge’s Rule 4(j) dismissal of this action is affirmed. The plaintiff’s appeal is dismissed. The defendant is allowed costs pursuant to Dist/Mun. Cts. RADA, Rule 26.
So ordered.

 The record in this case consisted entirely of documents on file, including the pleadings, the parties’ motions and related memoranda. No evidentiary hearing was held and there was thus no transcript of evidence required for appeal. In such a case, the plaintiff should have filed an expedited appeal pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8A, rather than an appeal on the record of proceedings pursuant to Rule 8C. See Malden v. Antonangelli, 1995 Mass. App. Div. 149, 150-151; Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 70.
Counsel for the plaintiff-appellant failed to appear at oral argument. Rule 22(g) provides that a party may waive his right to oral argument upon the filing and service of a written notice, subject to this Division’s order that the case be argued. The plaintiff did not file a Rule 22 (g) notice. Counsel for the defendant-appellee did appear and we elected, pursuant to Rule 22(e), to hear argument on the defendant’s behalf.