Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal by the plaintiffs of the dismissal of this motor vehicle tort action pursuant to Mass. R. Civ. P., Rule 4®, for failure to effect timely service of process.
On March 13,1994, plaintiff Morey G. Plavin’s vehicle collided with an automobile driven by defendant Richard W. Lutts, Jr. On March 13,1997, one day prior to the expiration of the statute of limitations, the plaintiffs commenced this action to recover for personal injuries allegedly sustained by plaintiff Barbara F. Plavin as a passenger in her husband’s car at the time of the collision, and a resulting loss of consortium allegedly suffered by Morey Plavin. No service of process was made within ninety days of complaint filing as mandated by Rule 4(j). No attempt at service was in fact ever made, and no Mass. R. Civ. P., Rule 6®), motion for an extension of time for service was ever filed.-
Two years later, on March 13,1999, the defendant filed a Rule 4® motion to dismiss. In opposition to the motion, the plaintiffs submitted the affidavit of the attorney who had filed this action for them in 1997. The attorney averred that at the time in question in 1997, he suffered from Parldnson’s Disease which affected his memory, impaired his ability to manage certain cognitive tasks, and left him unaware of his failure to arrange for service of process on the defendant after he filed the plaintiffs’ complaint. The affidavit also indicated, however, that at the time he commenced this action, the attorney was still actively engaged in the practice of law and had been well aware of his condition and had been treated for the same for more than four years. After hearing, the defendant’s Rule 4(j) motion was allowed, and a judgment of dismissal was entered on May 27, 1999. The plaintiffs’ notice of appeal to this Division was not filed until June 25,1999.
*59 1. Rule 4(a) of the Dist./Mun. Cts. R. A. D. A. mandates that an appeal to this Division shall be commenced by filing a notice of appeal within ten days of the entry of judgment. Richardson v. Foodmaster Supermarket, Inc., 1998 Mass. App. Div. 49. As the plaintiffs’ notice of appeal was not filed until twenty-eight days after judgment, the plaintiffs’ appeal is untimely. The plaintiffs did not file a motion in the trial court under either Dist./Mun. Cts. R. A. D. A., Rule 4(c), on the grounds of excusable neglect, or Dist./Mun. Cts. R. A. D. A., Rule 14(b), on the basis of good cause, to obtain an extension of time for filing their notice of appeal. See Miller v. Kimmelman, 1997 Mass. App. Div. 135,136. They in fact waited until oral argument to address the issue and, even at that late date, offered only the inadvertence of counsel as an explanation for their violation of Rule 4(a). Under such procedural circumstances, the plaintiffs’ appeal must be dismissed. Miller v. Scannell, 1997 Mass. App. Div. 166, 167.
2. In any event, the plaintiff would not have prevailed on the merits of this appeal.
Both the unequivocal provisions of Rule 4(j) and the limited Massachusetts case law it has engendered are clear. If service of process is not completed within 90 days of the filing of the complaint and the plaintiff has not sought a Rule 6(b) extension of time for service within the 90 day period, dismissal of the action is mandatory. Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 311 (1998); Kubik v. Streule, 1997 Mass. App. Div. 176, 177. Dismissal may be avoided only where there was “good cause” for the failure to make timely service. In the context of Rule 4(j), “good cause” is a “stringent standard requiring diligent albeit unsuccessful effort to complete service within the period prescribed by the rule.” Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991). See also Pereira v. Imperial Savings Assn., 1993 Mass. App. Div. 62, 63. The burden of demonstrating “good cause” rests exclusively on the plaintiff, Wilshire Credit Corp. v. Scott, 1997 Mass. App. Div. 91, 94, and the question of whether the plaintiff has satisfied that burden is addressed to the discretion of the motion judge. Shuman v. The Stanley Works, supra at 953; Stevens v. Bradlees, Inc., 1995 Mass. App. Div. 9, 11. In making a determination of good cause or the lack thereof, the court must focus on the reasonableness and diligence of the plaintiffs efforts within the 90 day period to have completed service of process. Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 26 (1992).
In the instant case, the plaintiffs made no effort of any kind to attempt, much less perfect, service during the first 90 days after complaint filing, or even during the two years which ensued between the commencement of suit and the filing of the defendant’s dismissal motion. The absence of any attempt at service, coupled with the plaintiffs’ failure to request a Rule 6(b) extension, was evidence of a lack of good cause in this case. Commissioner of Revenue v. Carrigan, supra at 315. There is no suggestion that the plaintiffs were unable to locate the defendant, or that he took any action which could be remotely characterized as an evasion of service. Compare New Eng. Die Cutting, Inc. v. O’Neil, 1997 Mass. App. Div. 6, 8 n.2; Stevens v. Bradlees, Inc., supra at 11. In fact the complaint itself recites that the defendant was subject to constructive service on the Registrar of Motor Vehicles pursuant to G.L.c. 90C, §3C. The plaintiffs offer only the medical condition of their then attorney as good cause, but even the plaintiffs do not argue that the attorney suffered an unanticipated illness immediately after filing their complaint which suddenly interrupted his law practice and prevented him from making arrangements for service on the defendant.
The plaintiffs’ remaining arguments are largely immaterial. Contrary to their *60 contention, lack of prejudice to the defendant, even if established, is not a relevant Rule 4© consideration. Shuman v. The Stanley Works, supra at 954 n.3. Similarly, the expiration of the statute of limitations does not “prevent the operation of Rule 4(j), much less provide a basis of a finding of good cause for the failure to make service.” Hull v. Attleboro Sav. Bank, supra at 27. Finally, quashing defective service and ordering new service of process is a remedy reserved for “the correction of service actually attempted, but deficient.” Crete v. Audet, 353 Mass. 725, 731 (1968). See also Siodis v. Spate, 1999 Mass. App. Div. 148, 149. No service of any kind was attempted in this case.
There was no abuse of discretion in the trial court’s Rule 4© dismissal of the plaintiffs’ action.
Appeal dismissed.
So ordered.