Greco, J.
This is a Dist/Mun. Cts. R A D. A, Rule 8A expedited appeal by the plaintiff of the dismissal of her complaint for failure to make timely service of process in compliance with Mass. R Civ. E, Rule 4(j).
The plaintiff commenced this action to recover damages for injuries she sustained in a fall on property owned by the defendant at 93 Linden Street in Everett The complaint was filed on April 27,2001, less than three months before the expiration of the applicable statute of limitations. Plaintiffs counsel gave the complaint to a deputy sheriff for service. The deputy sheriffs May 4, 2001 return of service stated that he had made service on May 3, 2001 by leaving the complaint “at the last and usual place of abode” of the defendant; namely, the properly in Everett where the plaintiffs fall occurred.
When the defendant Med to file an answer within the required time, he was defaulted. The defendant learned of the complaint from his insurer in August of 2001 (more than ninety days after it was filed) and, on September 21,2001, filed a motion to remove the default The defendant also moved to dismiss the action on the ground that proper service had never been effected within file ninety days prescribed by Rule 4(j). In an affidavit in support of that motion, the defendant stated that he has lived in North Reading since 1993 and that while he owns the property at 93 Linden Street in Everett, he has not lived there since 1938. The trial judge removed the default, denied a motion by the plaintiff to enlarge the time to make proper service, and allowed the defendants motion for dismissal pursuant to Rule 4®. This appeal followed.
Since “the sheriffs return of service was prima facie evidence that the defendant had in fact been served in the manner prescribed by Rule 4... the burden shifted to the defendant to demonstrate that service had not been effected in compliance with Rule 4(d)." Jackson v. Corley, 1997 Mass. App. Div. 25, 26. The defendant in this case *204 satisfied that burden by presenting an affidavit indicating that he had not lived at 93 Linden Street in over sixty years. As the defendant’s averment was uncontradicted, the trial court properly removed the default. Compare Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1994). In Konan, the Appeals Court ruled that the trial judge abused his discretion in not allowing a motion to vacate where the defendant stated in her affidavit that she had not lived at the address where service was made in five years, even though the plaintiff presented an affidavit from the deputy sheriff explaining the general procedure he used to verify an address.
Once the default was removed in this case, the issue of whether to enlarge the time for service to be properly made or to dismiss the case outright was addressed to the discretion of the trial court. Plavin v. Lutts, 2000 Mass. App. Div. 58, 59. To avoid dismissal, it was incumbent upon the plaintiff to show “good cause” as to why service was not properly effected. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991); Stevens v. Bradlees, Inc., 1995 Mass. App. Div. 9, 11.
In the context of Rule 4(j), ‘good cause’ is a ‘stringent standard requiring diligent albeit unsuccessful effort to complete service within the period prescribed by the rule.’ (citations omitted).... In maldng a determination of good cause or the lack thereof, the court must focus on the reasonableness and diligence of the plaintiff’s efforts within the 90 day period to have completed service of process.
Plavin v. Lutts, supra at 59 and cases cited. The trial court’s determination on this issue will be overturned on appeal only if it constituted an abuse of discretion; that is, if it was a ruling that “no conscientious judge, acting intelligently, could honestly” have made. Mazzoleni v. Cotton, 33 Mass. App. Ct. 147, 152-153 (1992), quoting Davis v. Boston Elev. Ry., 235 Mass. 482, 502 (1920). Implicit in the abuse of discretion standard is the possibility that two judges might come to opposite conclusions on the same set of facts, both of which might pass muster on appellate review.
Certainly, the judge in this case was not inclined to be forgiving, but the law did not require her to be so. This was not a situation where dismissal would have been inappropriate because there was still time to make proper service on the defendant at his correct address. See Siodis v. Spate, 1999 Mass. App. Div. 148, 149; DiDonato v. Mosher, 1996 Mass. App. Div. 135, 136. Nor was there any indication that the defendant tried “to avoid service, conceal [his] whereabouts or mislead the plaintiff into thinking that service was unnecessary or had been waived.” Kubik v. Streule, 1997 Mass. App. Div. 176, 177. See also Pereira v. Imperial Savings Assn., 1993 Mass. App. Div. 62, 63. On the other hand, the trial court could have reasonably concluded that plaintiff’s counsel took no steps to verify that the defendant actually lived at the address where the incident took place. It should certainly have been anticipated that the owner of a piece of property might not necessarily live there. That the deputy sheriff may have done nothing to verify the accuracy of the address did not relieve plaintiff’s counsel of his obligation to make an independent investigation of whether the defendant lived at the address in question. Moreover, “it is irrelevant that the plaintiff’s cause of action is now time-barred. The expiration of the statute of limitations ‘does not prevent the operation of Rule 40), much less provide a basis of a finding of good cause for the failure to make service.’” Kubik v. Streule, supra at 177, quoting Hull v. Attleboro Savings Bank, 33 Mass. App. Ct. 18, 27 (1992). What that expiration does do, however, is demonstrate that there are benefits to filing an action well within the relevant limitations period so as to anticipate any problems in service.
Accordingly, the trial court’s allowance of the defendant’s motion to remove the default, denial of the plaintiff’s motion to enlarge time for service, and allowance of the defendant’s Rule 4(j) motion to dismiss are affirmed. Appeal dismissed.
So ordered.