Ripps, J.
The plaintiff filed this appeal pursuant to Dist./Mun. Cts. R. A. D. A, RuleSA, from the allowance of the defendants Motion to Dismiss for Mure to effectuate timely service of process pursuant to MRCP 4 ©.
The plaintiff is the defendants daughter. On June 7,1999, while she was house/ dog sitting for him, his dog bit her. She filed this action on June 7,2002. The plaintiffs first attempt at service on the defendant, who then lived in Viera, Florida, was on October 15, 2002, 130 days after the filing date. The plaintiff did not file a motion to extend the time for service pursuant to MRCP, Rule 6©) (2). Service was made on the defendant on April 5,2003.
On April 14, 2003, the defendant, then represented by counsel for his insurer, filed a Motion to Dismiss pursuant to MRCP 4©.[1] The judge allowed the motion on May 27,2003. The plaintiff appeals arguing that the judge abused his discretion by allowing dismissal because the defendant had notice of the action, service was a mere formality; he had agreed to waive or accept service; and, as a result, there was good cause for the untimely service.
The burden is on the plaintiff to show “good cause” why service was not made within the time period required by the rule. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991). “Good cause” has been defined as ‘a stringent standard requiring diligenft]’ albeit unsuccessful effort to complete service within the period prescribed by the rule. Id., quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985). “[T]he question of whether the plaintiff has failed to demonstrate ‘good cause’ is addressed to the motion judge’s discretion.” Kubik v. Streule, 1997 Mass. App. Div. 176, 177; Shuman v. The Stanley Works, supra at 953. An abuse of that discretion would be found only when the court’s Rule 4© ruling constituted a judicial determination which “no conscientious judge, acting intelligently, could honestly” have made. Kubik v. Streule, supra at 177, quoting Mazzoleni v. Cotton, 33 Mass. App. Ct. 147, 152-153 (1992).
*190 Herein, there is no serious effort to serve the defendant, whose whereabouts were known to the plaintiff, until ten months after filing. Instead, the plaintiff relies upon an assertion that the defendant had notice and agreed to waive service. Even though he might have had notice, service is still required. “[NJotice... is merely for the convenience of litigants and does not relieve the parties of their procedural obligations. ...” Brown v. Quinn, 406 Mass. 641, 643 (1990). Nor does it matter that the defendant had actual notice. Commissioner of Revenue v. Corrigan, 45 Mass. App. Ct. 309, 316 (1998). Therefore, actual notice does not preclude the necessity of service.
The plaintiff also argues that she relied upon the defendant’s representation that he would waive formal service and the time requirement. The plaintiff cites Kubik v. Streule, 1997 Mass. App. Div. 176, 177, in which the insurer discussed mediation and accepted a “courtesy copy” of the complaint, then moved for dismissal. The court said that this “fell well short of conduct by the defendant designed to mislead the plaintiff into believing that timely service of process was not required” as “the defendant in this case did nothing to avoid service, conceal her whereabouts or mislead the plaintiff into thinking that service was unnecessary or had been waived.” See also Stevens v. Bradlees, Inc., 1995 Mass. App. Div. 9 (judge did not abuse discretion in dismissing case for lack of service where defendant made responses to claims, and participated actively in case). For a contrary position, “good cause” has been found where a defendant, although not properly served, participated in the case and waited until after the expiration of the statute of limitations to file a motion to dismiss under rule 4(j). Federal Deposit Ins. Corp. v. Denson, 139 F.R.D. 346 (S.D. Miss. 1990) (defendant may have misled the plaintiff into thinking that he would not pursue a Rule 4 (j) lack of service defense).
Herein, once the complaint was filed, it was the obligation of counsel to have it served. The judge did not have an affidavit from counsel that counsel forewent service based upon the plaintiffs or her father’s representation that he would waive, and/or, accept service at any time. It appears instead “plaintiff’s efforts to effect service were half-hearted at best and wholly inadequate to establish good cause for his non-compliance with the ninety-day service requirement.” Pereira v. Imperial Sav. Ass’n, 1993 Mass. App. Div. 62, citing Braxton v. United States, 817 F.2d 238 (3d Cir. 1987). Further a failure to file a Rule 6(b) motion is itself evidence of a lack of diligence under Rule 4(j). Pereira v. Imperial Sav. Ass’n, supra, citing Shuman v. The Stanley Works, supra at 953. As a result, we cannot say that the judge abused his discretion by allowing the Motion to Dismiss.
The effect of upholding the dismissal of this case is that plaintiff’s claim is now time-barred. This fact “does not prevent the operation of rule 4(j), much less provide a basis of a finding of good cause for the failure to make service.” Commissioner of Revenue v. Carrigan, supra at 315. “The underlying policy of rule 4© is ‘to encourage prompt movement of civil actions in [the] courts’ and ‘prejudice to the defendant would not appear to be a relevant consideration.’ 2 MOORE’S FEDERAL PRACTICE §4.46 n. 4 at 4433 — -4-434 (1990).” Shuman v. The Stanley Works, supra at 954 n.3.
For the foregoing reasons, the allowance of the Motion to Dismiss is affirmed.

 MRCP Rule 4®. Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion. See also c. 233, §84: If in a civil action the defendant makes a motion to dismiss the action for insufficient service of process, the count may dismiss the action without prejudice or may quash the process and allow the issuance and service of new process in accordance with the applicable rules of court.