Meagher, J.
The defendant-appellant in this matter, Norwood Dodge Sales, Inc. (“Norwood Dodge”), appeals from the allowance of a motion to vacate a dismissal order entered against the plaintiff-appellee, Muriel Saunders (“Ms. Saunders”). Norwood Dodge filed the motion to dismiss the matter under Mass. R. Civ. R, Rule 4(j), on the grounds that Ms. Saunders had failed to serve the complaint on Norwood Dodge within 90 days of the filing date. The issue on appeal is whether the judge abused his discretion by vacating the dismissal order and allowing the case to proceed to trial.
The underlying action arose from Ms. Saunders’ purchase of a used minivan from Norwood Dodge. The minivan was defective, and Ms. Saunders brought it back to Norwood Dodge for repairs on several occasions. At the conclusion of the trial on this matter, the trial judge (who was not the motion judge) found for Ms. Saunders on all counts of the complaint and awarded her triple damages as well as costs and attorneys’ fees pursuant to G.L.c. 93A.
In order to conclude that a judge has committed an abuse of discretion, the reviewing court must determine that “no conscientious judge, acting intelligently, could honestly have made” the ruling that is being appealed. Maloney v. Maloney, 2004 Mass. App. Div. 189, 189; see Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 424-425 (2005) (amount of damage award); Mass. Ass’n of Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 265-266 (2001) (motion for leave to present supplemental evidence). Stated another way, we must determine whether the judge’s decision “rest[ed] on whimsy, caprice, or arbitrary or idiosyncratic notions.” Mass. Ass’n of Minority Law Enforcement Officers v. Abban, supra at 266. Thus, our review of the judge’s allowance of the motion to vacate the dismissal order necessarily begins with deference to his exercise of discretion.
It is not the appropriate standard of review for another judge or judges to substitute their judgment for the judge who exercised his discretion. Oliver v. Milford Rivet & Mach. Co., 1999 Mass. App. Div. 53, 53. ‘“Implicit in the abuse of discretion standard is the possibility that two judges might come to opposite conclusions on the same set of facts, both of which might pass muster on appellate review.’” Adams v. Lamarine, 2004 Mass. App. Div. 36, 38, quoting Maniscola v. Kenworthy, 2002 Mass. App. Div. 203, 204.
A proper exercise of judicial discretion requires the judge to consider everything before her or him prior to making a decision. In this case, the motion judge had a copy of the pro se complaint (which appears to have been prepared by someone knowledgeable in the laws of consumer protection), to which was attached a bowdlerized version of Ms. Saunders’ G.L.c. 93A letter, statements of damages regarding each defendant at the time, a collection letter from the discharged *62 defendant’s attorney to Ms. Saunders, and a reply to that letter, the motion to vacate the dismissal itself, a memorandum in support of the motion, Ms. Saunders’ affidavit attached to the memorandum, Norwood Dodge’s opposition to the motion, its brief in support of the opposition and an affidavit from Norwood Dodge’s keeper of records with the authentic version of the G.L.c. 93A letter (to which Norwood Dodge had responded) as an attachment to the affidavit. In addition, there were oral arguments by the parties at the hearing on the motion.
On appeal, we have all of the same[1] except for a transcript of the oral arguments. There is more than enough in these documents to support the motion judge’s exercise of discretion. The documents indicate Ms. Saunders’ frustrating efforts to seek remedies both in and out of court in this case and Norwood Dodge’s efforts to avoid providing them. Although there were indeed lengthy periods of time during which Ms. Saunders appeared to have taken no action in court on this matter, the mere passage of time is not a sufficient reason for concluding that an abuse of discretion has occurred.
In her affidavit, Ms. Saunders recited not only her problems with the van in question and her extensive efforts to resolve the matter, but also that she had been unsuccessful in her attempts to obtain counsel during the two-year period prior to the motion. The implications of that inability are argued in the memorandum. It appears that the motion judge believed this assertion and believed that it mattered.[2] There was no evidence to refute it.
It also appears that the motion judge believed that the issues themselves, which were laid out in the papers before him, warranted a trial. There is no indication that the filing of this suit was a surprise to Norwood Dodge. Norwood Dodge had received and replied to a G.Lc. 93A letter some two years before the filing of the complaint Before and after sending the G.Lc. 93A letter, Ms. Saunders, according to both parties, had asked Norwood Dodge on numerous occasions to resolve the matter. Although Nor-wood Dodge points out Ms. Saunders’ delay in seeking to vacate the dismissal, Nor-wood Dodge does not indicate how it was prejudiced in preparing for trial by such delay.
Therefore, based on our review of the entire record, we cannot conclude that the judge’s decision “rest[ed] on whimsy, caprice, or arbitrary or idiosyncratic notions.” See Mass. Ass’n of Minority Law Enforcement Officers v. Abban, supra. Accordingly, we affirm the allowance of Ms. Saunders’ motion to vacate the judgment of dismissal. Norwood Dodge’s appeal is dismissed.

 “The fact that parts of the record are not included in the appendix shall not prevent the parties or the Appellate Division from relying on such parts.... [T]he entire record is always available to the Appellate Division for reference and examination. ...” Dist./Mun. Cts. R. A. D. A., Rule 18(a), (b).

 Even though Ms. Saunders obtained a favorable result in this matter at the trial’s conclusion, that result would not have been readily apparent to an attorney anticipating a contingent fee at the inception of this case or at any point up to trial. And that would have been apparent to a judge considering the motion.
An attorney on Ms. Saunders’ behalf sent a detailed G.L.c. 93A letter to Norwood Dodge. (R.A, p. 4). Norwood Dodge sent a response to that attorney. (R.A, p. 9). That appears to be the last action of any kind from that attorney by name. Ms. Saunders filed a pro se, but not amateur, complaint almost three years later. Although filed pro se, the complaint appears to have been drafted by a person with some level of legal knowledge and experience. This bolsters Ms. Saunders’ assertion that she could not find an attorney to take the case; no attorney signed the pleading.