Barrett, J.
Plaintiff Jeffrey A. Hinton (“Hinton”) sustained injuries in a motor vehicle accident and retained the defendant, Attorney Jay M. Lipis (“Lipis”), to represent him in his tort suit. After Lipis Med to commence that suit against the driver or owner of the other vehicle before the expiration of the applicable statute of limitations, Hinton commenced this action for Lipis’s alleged legal malpractice. The dis-positive issue on this appeal is the timeliness of Hinton’s service of process on Lipis.
Hinton filed his complaint on June 14, 2004. On September 4, 2004, service of process by a deputy sheriff was made by leaving the summons and complaint at the address designated on the summons as Lipis’s last and usual place of abode, 22 Foster Street in Avon. Copies of the summons and complaint were also mailed to that address by first class mail.
Lipis failed to answer and was defaulted on August 18, 2005. Almost ten months later, on June 15, 2006, Lipis filed motions to remove the default, and to dismiss Hinton’s complaint for insufficient process under Mass. R. Civ. R, Rule 12(b)(4), insufficient service of process under Rule 12(b)(5), failure to state an actionable claim under Rule 12(b) (6), and failure to effect service within 90 days of complaint filing under Rule 4©. In a supporting affidavit, Lipis stated that he had never resided at 22 Foster Street in Avon, that he did not receive a copy of the summons and complaint left at that address, and that he had become aware of this case only after a default had entered against him in August, 2005. Lipis also asserted that based on paragraph one of Hinton’s complaint, it was Hinton who resided at 22 Foster Street in Avon and, thus, that Hinton’s service of process was made at Hinton’s own address, not Lipis’s last and usual place of abode. After hearing, the trial court allowed Lipis’s motion to vacate the default, but denied his motions to dismiss.
Hinton scheduled a deposition of Lipis for September 24, 2007, and a deposition of Daniel Hutton, Esq. (“Hutton”), a lawyer in Lipis’s firm who had worked on the failed automobile tort action, for September 26, 2007, and issued the appropriate notices. Both Lipis and Hutton failed to appear for their scheduled depositions. Hinton then moved for the entry of a default judgment based not only on Lipis’s discovery violations, but also on Lipis’s aggressive, unprofessional behavior toward Hinton’s attorney, Richard Grossack (“Grossack”). In a supporting affidavit, Grossack stated that Lipis had called him shortly before the scheduled depositions, had used profanity, and had threatened to kill him.
*197 After hearing, the trial court allowed Hinton’s motion for a default judgment, and entered judgment against Lipis in the amount of $24,046.00, plus interest and costs. No hearing for an assessment of damages was held. Lipis filed this Dist./Mun. Cts. R A. D. A., Rule 8C, appeal on charges of error in the trial court's (1) denial of his Rule 4(j) motion to dismiss, (2) entry of a default judgment as a discovery sanction, and (3) failure to conduct a damages assessment hearing. Concluding that the action should have been dismissed pursuant to Rule 4©, we reverse the trial court’s judgment.
Pursuant to Mass. R Civ. P., Rule 4®, a plaintiff is required to serve a summons and a copy of the complaint on a defendant within 90 days of filing the complaint.[1] The rule mandates the dismissal of any action in which the plaintiff fails to effect service of process within the prescribed 90-day period unless the plaintiff demonstrates good cause for such failure.[2] Kubik v. Streule, 1997 Mass. App. Div. 176, 177. While the issue of whether the plaintiff has shown good cause is addressed to the motion judge’s discretion, Shuman v. Stanley Works, 30 Mass. App. Ct. 951, 953 (1991), that discretion is not unlimited. Under Rule 4®,
[gjood cause is ‘a stringent standard requiring diligenjt]’ albeit unsuccessful effort to complete service within the period prescribed by the rule. ... “The focus of the court’s inquiry [as to good cause] is the reasonableness and diligence of counsel’s effort to effect service within the time required’ (citations omitted).
Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 311-312 (1998). The familiar principle is that good cause “require [s] at least as much as would be neces *198 sary to show excusable neglect as opposed to ordinary mistake, neglect or inadvertence.” Wilshire Credit Corp. v. Scott, 1997 Mass. App. Div. 91, 94, quoting Stevens v. Bradlees, Inc., 1995 Mass. App. Div. 9, 11. But cf. Carrigan, supra at 314 n.5 (showing of excusable neglect for Rule 6(b) time extension does not relieve plaintiff of Rule 4(j) requirement of showing good cause). Thus, ordinary neglect or simple inadvertence is insufficient to avoid a Rule 4(j) dismissal. Further, it is immaterial to a court’s assessment of good cause that the defendant has not been prejudiced by the plaintiffs noncompliance with Rule 4®, id. at 315-316, or that if the plaintiff’s claim were dismissed, it would be time-barred under the applicable statute of limitations. Kubik, supra at 177, citing Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 27 (1992).
There is nothing in the record in this case to suggest anything other than ordinary mistake or simple inadvertence as the reason for Hinton’s failure to complete service of process on Lipis within 90 days of complaint filing. Hinton’s sole attempt at service 82 days after his commencement of this action was addressed, inexplicably, to Hinton’s own address, not Lipis’s last and usual place of abode. See Maniscola v. Kenworthy, 2002 Mass. App. Div. 203 (Rule 40) dismissal of negligence action affirmed when service directed to defendants property where plaintiff fell, not defendant’s residence). In the absence of any demonstration of good cause, the trial court should have allowed Lipis’s Rule 4(j) motion to dismiss as a matter of law.
Given our reversal of the trial court’s denial of Lipis’s Rule 4(j) dismissal motion, it is unnecessary to address his remaining claims of error.
Judgment for the plaintiff is vacated, the denial of the defendant's Rule 4(j) motion to dismiss is reversed, and a judgment dismissing this action is to be entered.
So ordered.

 Rule 4® states, in pertinent part: “If service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.”

 The strict interpretation of Rule 4© by the courts of this Commonwealth was based largely on judicial interpretations of what was the nearly identical federal rule, Fed. R Civ. R, Rule 4®. Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 311-312 (1998). The federal rule was amended and recodified in 1993 as Fed. R. Civ. E, Rule 4(m), and now provides: “If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service he made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period” (emphasis added). The amended rule has broadened the court’s discretion to extend the time for service even when the plaintiff has failed to show good cause. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). In this case, Hinton has not cited any Massachusetts case in which Mass. R. Civ. R, Rule 4® was as liberally construed. Nor has the Massachusetts rule been amended.