Merrick, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A appeal by the plaintiffs of the dismissal of their action for insufficient service of process, and of the court’s refusal to designate such dismissal as “without prejudice.”
On August 4,1995, the plaintiffs filed this action to recover damages for the defendant’s allegedly faulty inspection of their home. Three days later, on August 7, 1995, a constable served a summons and a copy of the complaint on the defendant. The defendant responded on August 25,1995 with a Mass. R. Civ. R, Rule 12(b)(5) motion to dismiss. The defendant correctly alleged in such motion that service was insufficient under Mass. P. Civ. P., Rule 4(c) because the constable who made the return of service lacked authority under G.L.c. 41, §92 to serve any process claiming damages in excess of $2,500.00. On September 7,1995, the motion to dismiss was allowed.
On September 27, 1995, the plaintiffs filed a motion for reconsideration of the dismissal with a supporting affidavit. The plaintiffs averred that, despite both the certificate of service and notice of hearing which were on file, plaintiffs’ counsel did not receive a copy of the defendant’s dismissal motion and was not aware of the same until September 25,1995 when defense counsel telephoned him in response to the plaintiffs’ request for default and marking of an assessment hearing.[3] The trial judge, upon reconsideration, reaffirmed his dismissal of the action.[4]
The plaintiffs then filed a motion to alter or amend the judgment by having the dismissal specified as “without prejudice.” The motion was denied.
1. The court’s refusal to designate the dismissal as “without prejudice” arguably leaves open the question of whether the plaintiffs could commence this action anew. The effect of an involuntary dismissal under Mass. P. Civ. R, Rule 41(b) is governed by Rule 41(b)(3). As the defendant contends, Rule 41(b)(3) provides that unless a dismissal is for lack of prosecution or the court otherwise specifies, an involuntary dismissal “and any dismissal not provided for in this rule, other than a dismissal for lack ofjurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits [emphasis supplied].”
Courts have consistently interpreted “lack of jurisdiction” in this context as encompassing more than the usual concepts of lack of jurisdiction over the person or the subject matter. Costello v. United States, 365 U.S. 265, 285 (1961). The “lack of jurisdiction” exception includes “those dismissals which are based on a plaintiff’s failure to comply with a precondition requisite to the court’s going forward to determine the *136 merits of his substantive claim.” Id. A dismissal for insufficiency of service of process is such a dismissal, and is therefore without prejudice. Thomas v. Furness (Pac.) Ltd., 171 F.2d 434, 435 (9th Cir. 1948).
2. The plaintiffs also argue that because they are plainly able to serve the defendant by using a proper process server, the court should have merely quashed the service rather than dismissed the complaint. As Massachusetts courts do not appear to have dealt with this specific issue, we are guided by judicial interpretations of the cognate Federal Rule. Hall v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 25 (1992); Stevens v. Bradlees, Inc., 1995 Mass. App. Div. 9, 11.
When service of process is insufficient, Federal courts possess broad discretion under Fed. R. Civ. R, Rule 12(b))(5) either to dismiss a complaint, or simply to quash service of process. Umbenhauer v. Woog, 969 F.2d 25, 30 (3rd. Cir. 1992). It appears to have been uniformly held, however, that the dismissal of a complaint is an inappropriate exercise of such judicial discretion when there exists a reasonable prospect that service may yet be obtained. Id:, Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983); Grammenos v. Lemos, 457 F.2d 1067, 1071 (2nd Cir. 1972): Stanga v. McCormick Shipping Corp., 268 F.2d 544, 554 (5th Cir. 1959). See William I. Horlick Co. v. Bogue Elec. Mfg. Co., 140 F. Supp. 514, 515 (D. Mass. 1956). We note also that even when this case was finally ordered dismissed, the plaintiffs still had twenty-seven days to effect service under Mass. R. Civ. R, Rule 4(j). The sanction for an unsuccessful attempt at service should surely not exceed that for no attempt at all.
Accordingly, the judgment of dismissal is vacated. This case is returned to the trial court, and the plaintiffs shall have twenty-seven (27) days from the entry of this opinion on the trial court docket to effect service upon the defendant.
So ordered.

 The plaintiffs’ request for a default and other documents' were filed on September 19,1995.

 Although the judge “denied” the motion for reconsideration, his written ruling made clear that he had (properly on these facts) reconsidered the dismissal on the merits. See BayBank v. DiRico, 1996 Mass. App. Div. 30, 31-32.