Aguiar, J.
This appeal raises the issue of whether the trial court erred in failing to dismiss the case after the Appeals Court declared service of process was void. We find there was no error.
This appeal further raises the issue of whether the trial court erred in denying defendant’s motion to limit the running of interest to include only that time after the First Amended Complaint had been served.
We find there was no error.
On October 30,1986, Lori Gillespie and her father, Michael, the plaintiffs, commenced this action by filing a complaint in the Plymouth District Court, alleging that on November 9, 1983, a dog owned by the defendant, Daniel R. Steiger, bit Lori, thereby causing injuries for which Steiger was liable.
Service of process was done by the Plymouth Sheriffs Department by “last and usual” at 20 Emerson Drive in Marshfield, MA. The defendant claims he was living outside of Massachusetts at the time. Plaintiffs filed a motion for default which was allowed and damages were assessed on October 24,1989. On March 2,1993 defendant moved for relief from the default judgment in the instant action.
The defendant’s insurer filed a motion to dismiss which the court denied.
On October 18, 1993 the plaintiffs moved for summary judgment, which the insurer opposed, which was allowed. The insurer then filed a notice of appeal from summary judgment on March 1,1994.
The plaintiffs then moved in the Superior Court a “reach and apply” action and the Superior Court entered an order staying all activity in this District Court case.
Ultimately, the Appeals Court reversed the allowance of summary judgment in the Superior Court “reach and apply” action and ruled that the default judgment in the underlying action was void.
Sixteen days later the plaintiffs amended the complaint (Lori Gillespie was now an adult) and served that amended complaint upon the defendant on October 23, 1996.
Defendant moved to strike the amended complaint and dismiss the case. The District Court denied these motions and granted partial summary judgment to the plaintiffs on the issue of liability because of the strict liability of the dog bite statute.
As a result, the case progressed to a hearing to assess damages. Defendant moved to have the court limit any interest awarded on damages to the time from the First Amended Complaint in October 1996.
The court awarded damages to the plaintiffs in the amount of $23,000 plus interest ($31,946.52) (not limited to October 1996) and costs.
*265 Defendant argues that service was not made in a timely manner. We disagree.
The Appeals Court decision decided only that the first attempt at service of process here was invalid and that decision does not, by law, dismiss this civil action, it only voids the default judgment herein.
The subsequent valid service of process was only 16 days after the Appeals Court finally settled the issue of the effectiveness of the September 1987 service of process.
On December 6, 1996 Judge Brownell, in his discretion, denied defendant’s motion to strike First Amended Complaint and Motion to Dismiss the plaintiff’s complaint. The defendant having never answered the original complaint and the action not having been dismissed, the plaintiffs had every right to file an amended complaint and cure the service problem.
A determination of “good cause” rests within the trial judge’s discretion. The 90 day time period to serve a summons and complaint upon the defendant after the filing of the complaint under Rule 4(j) MRCP is tolled until a challenged service of process is voided. (See Brown v. Florida Keys Aqueduct Authority, 614 F. Supp. 87, 92) The plaintiff had good reason to rely on the decisions of the several judges of the District and Superior Courts upholding the September 1987 service of process in not serving the defendant a second time. As soon as the Appeals Court Decision changed the holdings of the District and Superior Courts in the Appeals Court Decision, the plaintiff acted immediately, within 16 days, to serve the defendant Steiger in North Carolina.
We find there was no error in failing to dismiss this case.
Defendant’s attorney and insurer were negotiating with the plaintiffs in 1986 about settlement. M.G.L.c. 231, §6B, is clear and unequivocal in mandating that in a personal injury case prejudgment interest be added from the date of the filing of the case. It is also clear the equities here favor the plaintiffs.
We find there was no error in granting prejudgment interest from the date of the filing of the case.
For all of the above reasons, we find there was no error and the appeal is dismissed.