Curtin, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 8C appeal by the plaintiff of the allowance of the defendants’ Mass. R. Civ. R, Rule 12(b) (5) motion to dismiss for insufficient service of process, and the denial of the plaintiff’s subsequent motions, including a request for an extension of time to effect service.
The facts are not in dispute. On December 5, 1994, plaintiff Joanna Siodis, a pedestrian, was struck by an automobile driven by defendant Louise Spate (“Spate”). The incident occurred in Haverhill, Massachusetts. An accident report completed by a Haverhill police officer called to the scene indicated that Spate had a Maine driver’s license and Maine vehicle registration, but listed her address as “170 Washington St., Apt. PH4, Haverhill, MA.”
The plaintiff commenced this action in negligence against Spate and her husband, defendant Robert Spate, on December 2,1997, three days before the expiration of the statute of limitations period. Plaintiff’s counsel instructed a sheriff to serve the defendants with process at the Haverhill address listed on the police report as Spate’s address. The sheriffs return recited that the Spates were served on December 18, 1997 at their “last and usual place of abode” at 170 Washington Street, Haverhill. No answer was ever filed. Instead of requesting the entry of a default, however, the plaintiff forwarded a copy of the complaint to Spate’s insurer on April 8,1998.
On June 8,1998, the Spates filed a Rule 12(b) (5) motion to dismiss for improper service of process. In a carefully worded supporting affidavit, Spate stated that her husband was deceased and had never lived at the Haverhill address; that the Hav-erhill address had never been her legal address, but that her mother had resided there until some time in October, 1997; that she had resided in New Harbor, Maine at One Spate Road since her marriage to Robert Spate in 1988; and that she never received the summons and complaint, and was unaware of this lawsuit until her attorney notified her in May, 1998. The affidavit did not state that Spate never lived at the Haverhill address. Moreover, at a hearing on Spate’s dismissal motion, her attorney conceded that Spate had lived during each work week with her mother in Haverhill because of her employment in Lowell, Massachusetts, and had returned to Maine on weekends.
Spate’s Rule 12(b) (5) motion to dismiss was allowed on June 22, 1998. The plaintiff’s subsequent motions to extend the time for service, to alter or amend judgment, and to amend the complaint[2] were denied, and this appeal followed.
*149 1. A Rule 12(b) (5) motion to dismiss is the “proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.” 5A WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE §1353 (1990). The Rule does not, however, mandate automatic dismissal where service is insufficient. The motion is addressed to the discretion of the trial judge who may either allow the motion, thereby dismissing the action without prejudice, or simply quash service of process and order new service. DiDonato v. Mosher, 1996 Mass. App. Div. 135,136. See also SMITH & ZOBEL, RULES.PRACTICE §12.11 (1974).[3] The same alternatives are specifically provided by G.L.c. 223, §84. The statute states:
If in a civil action the defendant makes a motion to dismiss the action for insufficient service of process, the court may dismiss the action without prejudice or may quash the process and allow the issuance and service of new process in accordance with applicable rules of court.
The intended purpose of §84 is in fact “the correction of service actually attempted but deficient.” Crete v. Audet, 353 Mass. 725, 731 (1968). See Salifu v. Ward, 1998 Mass. App. Div. 273, 274.
Based on judicial interpretations of the identical Fed. R. Civ. R, Rule 12(b) (5), we have previously noted that while courts possess broad discretion under the rule in cases of insufficient service to dismiss or to quash service, “[i]t appears to have been uniformly held ... that the dismissal of a complaint is an inappropriate exercise of such judicial discretion when there exists a reasonable prospect that service may yet be obtained.” DiDonato v. Mosher, supra at 136 and cases cited. See also Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985); Plant Genetic Systems, N.V. v. Ciba Seeds & Mycogen Plant Science, Inc., 933 F. Supp. 519, 527 (M.D.N.C. 1996); Voice Systems Marketing Co., L.P. v. Appropriate Technology Corp., 153 F.R.D. 117, 120 (E.D. Mich. 1994); Paley v. ALIA, 105 F.R.D. 87, 89 (E.D.N.Y. 1985). See generally 5A WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE §1354 (1990); NOLAN, CIVIL PRACTICE, §296 (1992). This is such a case.
2. Dismissal was inappropriate in this case not only because it is obvious that Spate may yet be properly served at her Maine address, but also because Spate was in large measure responsible for the very insufficiency of service she now claims as a basis for dismissal. The record indicates that Spate had lived with her mother, on at least a weekday basis, at the Haverhill address to which the plaintiff eventually directed service. As the Haverhill police report listed both a Maine driver’s license and a Maine automobile registration for Spate, the Haverhill address shown on the report of “170 Washington St., Apt PH4, Haverhill” could not have been taken from those documents. The conclusion is inescapable that the Haverhill address could only have been provided by Spate herself, and her statement of a Haverhill address to the investigating officer was a representation “on which others might be expected to rely and by which they would be likely to be misled.” Crete v. Audet, at 730.
The plaintiff acted reasonably and in apparent good faith in relying on the Hav-erhill address provided by Spate as the place for service of process. The plaintiff also acted promptly in arranging for service within two weeks of the filing of her *150 complaint. Further, there is no suggestion in the record that Spate would be in any way prejudiced if the plaintiff were permitted to correct the insufficiency of original service by effecting new service on Spate at her Maine address.[4] Conversely, the plaintiff would suffer the ultimate prejudice if the dismissal of this action were to stand. As the statute of limitations has run, the plaintiff would be forever precluded from proceeding against Spate for her alleged negligence to recover for any losses the plaintiff has sustained.
Accordingly, the allowance of the defendants’ motion to dismiss and the denial of the plaintiffs motion to extend time for service of the summons and complaint are reversed. The plaintiff is hereby granted thirty days from notice of this Opinion to effect service of the summons and complaint on the defendant Louise A Spate.[5]
So ordered.

 The motion to amend the complaint sought to dismiss the deceased Robert Spate as a party defendant, and to designate that Louise Spate was a Maine resident.

 “If the defect is easily curable, dismissal may be too drastic a remedy; the court then may treat the matter as a motion to quash or set aside the process or service, to be allowed with leave to correct the deficiency. In the federal courts, motions to dismiss under Rule 12(b) (4) or (5) have been thus treated, if plaintiff appears to be reasonably likely to effect proper service.” Id.

 Although defendant Robert Spate is now deceased, he does not appear to have been in the car at the time of the accident and the plaintiff has already moved to dismiss him from the case.

 While any such extension of service is ordinarily subject to an appropriate Mass. R. Civ. R, Rule 4(j) inquiry by the court or motion by the defendant, there is sufficient evidence herein of "good cause” for plaintiff’s failure to have made proper service within ninety days of complaint filing. See Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991), aff’ing 1990 Mass. App. Div. 6. Given the “reasonableness and diligence” of plaintiff’s efforts, Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 312 (1998), only two weeks after commencing this action to make service based on the Haverhill address provided by the defendant, a Rule 4Q) extension of time, rather than a dismissal, would be in order.