Morris AMOUS, Plaintiff,

v.

TRUSTMARK NATIONAL BANK, Econ–O–Check, and Bankers Life Insurance Company, Defendants.

No. CIV.A.1:00CV170DA.

United States District Court,
N.D. Mississippi,
Eastern Division.

July 24, 2000.

**608**

Morris Amous, Columbus, OH, Pro Se.

Gordon J. Flowers, Gholson, Hicks & Nichols, Columbus, MS, for Trustmark National Bank.

Neville H. Boschert, Watkins, Ludlam, Winter & Stennis, Jackson, MS, for Econ-O-Check.

## OPINION

DAVIDSON District Judge.

Before the court are the motions of Defendant Trustmark National Bank to dismiss or, alternatively, for a more definite statement, and of Defendant Econ–O–Check for dismissal pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. Upon due consideration, the court finds that Defendant Trustmark's motion should be granted and Defendant Econ–O–Check's motion should be denied.

### Factual Background

On May 16, 2000, *pro se* Plaintiff Morris Amous filed a Complaint against Trustmark National Bank, Econ–O–Check Corporation, and Bankers Life Insurance Company. Amous' Complaint consisted of one two-page paragraph alleging violations of the United States and Mississippi Constitutions, fraud, R.I.C.O. Act violations, and negligence.

Plaintiff's Complaint weaves a lose web of claims against the Defendants which includes allegations of fraud against Trustmark and Econ–O–Check through a purported wire and mail "scam." To this end, the Plaintiff claims that certain monies were deducted from his bank accounts by Defendant Trustmark for payment of premiums to Econ–O–Check for an insurance policy which he contends was canceled.[1]

### Analysis

A. *Trustmark's Motion to Dismiss or, Alternatively, for a More Definite Statement*

Trustmark argues that the Plaintiff's Complaint lacks enough specificity for the Defendant to launch an effective response.

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within ten days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

In light of the requirements of Rule 12(e), Trustmark contends that it cannot reasonably frame a responsive pleading to Amous' Complaint in that the Plaintiff has mixed federal and state law claims within one ambiguous paragraph thereby precluding the Defendant from legitimately denying or admitting any of the allegations.

The Defendant further points to Rules 10(b) and 8(a) of the Federal Rules of Civil Procedure as bases for dismissal of the Complaint. Rule 10(b) requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances ..." and "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count or defense...." Rule 8(a) simply requires that a pleading which sets for a claim for relief

---

1. In construing the underlying Complaint, the court afforded the Plaintiff the liberal treatment due *pro se* complaints. *See Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

contain a statement of the grounds upon which the court's jurisdiction is based.

Trustmark contends that the Plaintiff's Complaint is fatally flawed by not including a statement of the grounds upon which jurisdiction is based and by not conforming to the requirements of Rule 10(b).

In a cause of action, the complaint is designed to be the "ignition point" for discovery, where the issues are to be defined. *Murray v. Restor Tel. Prods./World Access, Inc.*, No. Civ. 399CV0819H, 2000 WL 45876, at *2 (N.D.Tex.Jan.19, 2000). Thus, the pleading requirement established by Rule 8(a) is a considerably low hurdle. A complaint or counter-complaint will only be deemed inadequate under Rule 8 if it fails to "1) provide notice of the circumstances which give rise to the claim, or 2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Id.* (citing *General Star Indem. Co. v. Vesta Ins. Corp.*, 173 F.3d 946, 950 (5th Cir.1999)). Moreover, failure to comply with Rule 8 does not mandate dismissal for lack of jurisdiction so long as the facts appropriate for invocation of federal jurisdiction are alleged in the complaint. *See Continental Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir.1979).

Although the Plaintiff's claims are not overly artful, the allegations in the Complaint provide more than a "bare bones allegation that a wrong occurred." *See Walker v. South Central Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir.1990). Thus, the Plaintiff's Complaint, while perhaps deficient in its failure to specify the basis for jurisdiction, is not fatally so. *See Hildebrand v. Honeywell*, 622 F.2d 179, 181 (5th Cir.1980)(It is well-settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy the jurisdictional requirements of the statute.). Here, the Plaintiff has alleged R.I.C.O. violations as well as infringements of his federal and state constitutional rights.

While the allegations are not wholly clear, the court is of the opinion that he has proffered enough facts to confer jurisdiction.

With respect to the Plaintiff's failure to comply with Rule 10(b), the court is unpersuaded that such a deficiency should serve as a basis for dismissal of the Plaintiff's Complaint. Given that the Plaintiff's technical deficiencies may easily be remedied, the court finds that the Defendant's argument under Rule 10(b) is without merit.

Thus, the court concludes that the Plaintiff's short-comings do not warrant dismissal and that the better approach would be to grant the Defendant's motion for a more definite statement to allow the Plaintiff to address the above deficiencies and to comply with this court's Standing Local Order regarding R.I.C.O. cases.[2]

The court directs the parties' attention to the Standing Local Order which requires that in all cases in this court in which claims are asserted under R.I.C.O., 18 U.S.C. § 1961, a R.I.C.O. statement must accompany the filing of the complaint. The requirements as to the form and nature of the R.I.C.O. statement are thoroughly explained in the Standing Order.

The Plaintiff shall have forty-five (45) days from the date of this Order to file and serve a more definite statement upon each Defendant. Should the Plaintiff fail to comply with the court's Order, this cause will be dismissed without prejudice for want of prosecution.

### B. *Econ–O–Check's Motion to Dismiss*

Econ–O–Check Corporation seeks to dismiss the Plaintiff's Complaint pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. The Defendant proffers the following bases for dismissal: 1) the Plaintiff served Econ–O–Check with a summons but failed to include a copy of the Complaint; 2) the summons stated that Econ–O–Check was required to answer within thirty (30) days, rather than twenty (20) days as allowed by the Federal Rules of Civil

---

**2.** The court also notes that Rule 9(b) of the Federal Rules of Civil Procedure requires that claims of fraud must be stated with particularity.

*See Guidry v. Bank of LaPlace,* 954 F.2d 278, 288 (5th Cir.1992)

Procedure; and 3) the service of the summons was not directed to any particular person qualified to receive service of process for Econ–O–Check. The court will address each of the Defendant's points in turn.

Rule 4(c)(1) of the Federal Rules of Civil Procedure states:

A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Based on the record before the court, it appears clear that the Plaintiff failed to comply with the requirements of Rule 4 by not serving a copy of the Complaint along with the summons.

Defendant's second point is also well-taken. The summons utilized by the Plaintiff erroneously states that Econ–O–Check is required to serve an answer to the Complaint within thirty (30) days after service. In accordance with Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, the summons should have indicated that the Defendant had twenty (20) days after being served with the summons and complaint to file an answer.

Lastly, the Defendant asserts that the Plaintiff did not serve the summons on an individual designated to received service of process for Econ–O–Check. Rule 4(h) of the Federal Rules provides that service of process upon a corporation shall be accomplished by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Based on the Defendant's submissions, the court finds that the Plaintiff's service was not directed to any individual authorized to receive service of process for Econ–O–Check.

While the Defendant principally seeks dismissal from this cause based on the above errors, it alternatively suggests that the court quash the service of process made on Econ–O–Check. The court finds the Defendant's alternative request persuasive.

■■ Upon making a determination that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir.1992). Dismissal, however, of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained whereupon the district court should, at most, quash service, allowing the plaintiffs to effect proper service. *Id.*

In the case at bar, the court is of the opinion that service upon the Defendant is eminently feasible and that the Plaintiff should be afforded a second attempt to properly serve Econ–O–Check. Thus, the court concludes that the Plaintiff shall have thirty (30) days after the date of the filing of his more definite statement within which to properly serve the Defendant with a summons, copy of the Complaint, and a copy of the more definite statement in accordance with the Federal Rules of Civil Procedure.

The court further finds that the Econ–O–Check's motion to dismiss shall be denied without prejudice to its right to move for dismissal if effective service of process is not obtained within thirty (30) days after the filing of the more definite statement.

A separate order in accordance with this opinion shall issue this day.