Crimmins, J.
We deal with an interlocutory ruling reported to us by the motion judge, pursuant to Dist./Mun. Cts. R. A. D. A., Rule 5, which presents for review the denial of defendant Bowman Short’s[2] pretrial motion to dismiss, brought under Mass. R. Civ. P, Rule 4®.
The underlying action results from the occurrence of an automobile accident on October 11,1996, involving plaintiff, Dorothy Baker, as the operator of one vehicle and Bowman the operator of the other vehicle which is owned by defendant, Donna Noble Short. The complaint was filed on September 24, 1999. A return of service, to which there is no dispute, indicates that Bowman was served, on October 14,1999, by leaving the complaint and summons at his last and usual place of abode, 15 Bassin Lane, Scituate, Massachusetts. The service address was given to the process server by plaintiffs counsel who used the address Bowman reported to the responding police officer on the day of the accident. Defendant, however, had not resided at that address since 1987. At the time of service, Bowman resided at 17 Pinehurst Road, Marshfield, Massachusetts and that address was known to the insurance company and the postmaster. The report indicates that the defendant’s true address, at time of service, could easily have been discerned.
Bowman’s motion was not brought prior to answering the complaint. Bowman did raise as a defense that service of process has not been properly effected.
We are of the opinion that the motion judge properly denied Bowman’s motion to dismiss. We remand, however, for further proceedings consistent with what we below discuss.
There is no doubt, as argued by the defendant, that when a motion judge rules upon a motion brought pursuant to Mass. R Civ. P., Rule 4(j), that judge must find that there exists good cause for why service has not been made to avoid a dismissal of the complaint[3] Here, however, there has been service. It is not contested that the return of the sheriff is invalid. In such a case, where a party contests the sufficiency of service based *269 upon an error as to where proper service should have been made, a Rule 12(b)(5) motion to dismiss is the “proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.” 5A WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE §1353 (1990). This is exactly what is being contested here.
There would result an internal inconsistency in the Mass. R Civ. P. if Rule 4© was available to Bowman in the context of this report. The Mass. R Civ. P. are designed to “secure the just... determination of every action.” Rule 1. Under Rule 4®, the motion judge, indicated by his report, found that there was no excuse for the plaintiff to have not obtained a proper service address. If we take this determination to mean that there was no good cause found under Rule 4© the complaint would need to be dismissed. A fault analysis is undertaken in consideration of a Rule 4® motion and the plaintiff bears the burden. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 952, 571 N.E.2d 633 (1991). Not so in a motion brought pursuant to Rule 12©) (5). No assessment of fault is made in such case. It requires only an evidentiary hearing on the issue of where the defendant’s last and usual place of abode was at ©e time of service. But ©e remedy, assuming ©at ©e defendant persuades ©e judge ©at service was insufficient because service was made at a place o©er ©an his last and usual, is not automatic dismissal. A discretionary remedy is ©e quashing of ©e service of process and the allowance of ©e plaintiff to properly reserve ©e defendant. Siodis v. Spate, 1999 Mass. App. Div. 148. The strucffire of the Mass. R Civ. P. which promote the “just... determination of every action,” Rule 1, cannot be said to promote that philosophy if, on ©e same facffial predicate, ©e presentment of a motion under Rule 4© would require a dismissal, which in this case, would be a bar to further prosecution because the statute of limitations will have run, and, on ©e o©er hand, ©e presentment of &e issue under Rule 12 ©) (5) may merely result in ©e quashing of service and ©e ability of ©e plaintiff to reserve ©e defendant while maintaining a cause of action.
Whether to exercise ©e discretion authorized by our cases ©at have addressed Rule 12©) (5), is a matter that should be presented to the motion judge. We, therefore, affirm the denial of the defendant’s motion to dismiss and remand the case to fee motion judge for a determination of whefeer or not to exercise his discretion to allow ©e plaintiff to reserve Bowman.[4] An appeal may be taken from that decision in the ordinary course of appellate procedure.

 We shall use hereafter Bowman Short’s first name to differentiate between defendants.

 Rule 4® provides: “Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.”

 We make note ©at “ [i]t appears to have been uniformly held ... that the dismissal of a complaint is an inappropriate exercise of such judicial discretion when ©ere exists a reasonable prospect ©at service may yet be obtained.” DiDonato v. Mosher, 1996 Mass. App. Div. 135, 136.