Wright, J.
This is a Dist/Mun. Cts. R A D. A., Rule 8C, appeal by the plaintiff of the allowance of the defendant’s Mass. R Civ. R, Rule 12(b) (5), motion to dismiss for insufficient service of process.
The amended complaint alleges that between January, 1989 and June, 1990, the plaintiff made loans totaling $11,715.00 to the defendant for his use in a business venture. The defendant repaid $3,500.00 by malting thirty-five $100.00 payments, but stopped malting payments on January 15,1997. After the defendant's refusal to satisfy the plaintiffs repeated demands for repayment of the balance of the loans, the plaintiff commenced this action on July 28,2000.
The plaintiffs amended complaint, which was allowed on August 17, 2000, sought damages of $8,215.00 plus interest, costs and attorney’s fees for the defendants alleged breach of contract, fraud and G.L.c. 93A violations. A summons and a copy of the complaint were served on the defendant on August 30, 2000 both at his last and usual place of abode and by first class mail. It is undisputed that the defendant received the summons and complaint
After the plaintiff requested the entry of a default and default judgment, the defendant filed an answer, affirmative defenses, counterclaims and a jury demand on October 6, 2000. The defendants first affirmative defense sought dismissal of the action on the ground that service was improper because it was completed by a constable rather than a sheriff See G.L.c. 41, §92. On December 4, 2000, the defendant filed a motion to dismiss for insufficient service of process under Rule 12(b)(5), improper venue under Rule 12(b)(3), and failure to state an actionable claim under Rule 12(b) (6). The plaintiff responded on December 7, 2000 with an ex parte motion for the appointment of the constable as a special process server. That motion was allowed on the same date.
After a hearing on December 21, 2000, however, the trial court allowed the *116 defendant’s dismissal motion on the sole ground of insufficient service of process under Rule 12(b) (5). The court also vacated its earlier allowance of the plaintiff’s motion for a special process server because the plaintiff has failed to notify opposing counsel of the motion or hearing.[1] This appeal followed.
1. Dismissal for insufficient service of process is neither mandatory, nor in many cases appropriate. As an alternative to dismissal, Section 84 of G.L.c. 223[2] expressly affords a trial court the option of quashing the defective service and ordering new service of process. The intent of §84 is “in fact ‘the correction of service actually attempted but deficient,’” as was the case here. Siodis v. Spate, 1999 Mass. App. Div. 148, 149, quoting from Crete v. Audet, 353 Mass. 725, 731 (1968). The same alternative to dismissal is readily available to a judge faced with a motion to dismiss for insufficient service of process under Rule 12(b) (5). DiDonato v. Mosher, 1996 Mass. App. Div. 135, 136. See also J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §12.11 (1974).[3]
The decision to dismiss or to instead quash service under Rule 12(b)(5) rests within the discretion of the motion judge. Siodis v. Spate, supra at 149 and cases cited. Federal case law interpreting the identical Fed. R Civ. R, Rule 12(b) (5), indicates, however, “that the dismissal of a complaint is an inappropriate exercise of such judicial discretion when there exists a reasonable prospect that service may yet be obtained.” DiDonato v. Mosher, supra at 136 and cases cited. See also Siodis v. Spate, supra at 149 and cases cited; Amous v. Trustmark Nat. Bank, 195 F.R.D. 607 (N.D. Miss. 2000); Knapp v. Yamaha Motor Corp. USA, 60 F. Supp. 2d 566 (S.D.W. Va. 1999); Plant Genetic Systems, N.V. v. Ciba Seed & Micogen Plant Science, Inc., 933 F. Supp. 519, 527 (M.D.N.C. 1996).
In this case, there is obviously not only a “reasonable prospect” of corrected service, but a virtual certainly. The only defect in the plaintiff’s service on the defendant was her use of a constable, rather than a sheriff, to deliver a complaint seeking damages greater than $2,500.00. See G.L.c. 41, §92. New service upon the defendant, who received the complaint months ago and has since filed an answer, counterclaims and jury demand, may be easily obtained.
2. The defendant has ignored on this appeal all relevant Rule 12(b) (5) issues. He instead argues only that the motion judge properly dismissed this action pursuant to Mass. R Civ. E, Rule 40, for the plaintiffs failure to effect service within 90 days of complaint filing. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953-954 (1991); Wilshire Credit Corp. v. Scoa, 1997 Mass. App. Div. 91, 94. It is clear, however, from the defendants own Rule 12(b) motion, from the transcript of *117 the motion hearing, and from the judge’s written ruling on that motion that no Rule 40) argument was presented, heard or considered in the trial court The defendant’s Rule 40) contention is thus beyond the scope of this appeal of the trial courts Rule 12(b)(5) dismissal order. See generally Draghetti v. Chmielewski, 416 Mass. 808, 814-815 (1994); Fortier v. Essex, 52 Mass. App. Ct. 263, 265 (2001).
We note by way of dictum that the defendant has, in any event failed to establish that a Rule 4® dismissal would have been required in this case. As noted, the defendant received a proper summons and copy of the amended complaint on August 30,2000, 23 days after initial complaint filing. Service of process was technically defective only because it was made by a constable rather than a sheriff. In such a case, a Rule 12(b) (5) motion or request for dismissal was the “proper vehicle for challenging the mode of delivery ... of the summons and complaint” 5A WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE §1353 (1990). See also Baker v. Short, 2000 Mass. App. Div. 268, 268-269. On October 6,2000,70 days after initial complaint filing, the defendant submitted an answer which included, as an affirmative defense, a request for dismissal for insufficiency of service of process. That Rule 12(b)(5) challenge to service on the 70th day following commencement of the action effectively tolled the Rule 4(j) 90 day period until the contested service was resolved. Gillespie v. Steiger, 1998 Mass. App. Div. 264, 265, citing Brown v. Florida Keys Aqueduct Auth., 614 F. Supp. 87, 92 (S.D. Ohio 1985). See also Bruley v. Lincoln Prop. Co., NC, Inc., 140 F.R.D. 452, 455 (D. Colo. 1991). Thus at the time of the trial court’s hearing and disposition of the defendant’s subsequent Rule 12(b) (5) motion to dismiss, twenty days still remained for the plaintiff to complete service in compliance with Rule 4(j).
Accordingly, the allowance of the defendant’s Rule 12(b) (5) motion to dismiss is reversed. The plaintiff is hereby granted twenty (20) days from notice of this decision to effect service of the summons and amended complaint on the defendant by a sheriff.
So ordered.

 Rule 4(c) of the Mass. R Civ. E permits court appointment of a special process server. J.W. SMITH & H.B. ZOBEL, RULES FRACTICE §4.6 (1974). A plaintiff may move ex parte for such appointment before service upon, or an appearance by, the defendant because there is no other party to the action at that point Once the defendant has filed an answer or other appearance, however, the plaintiff must serve a motion for appointment of a special process server or any other motion upon the defendant, with due notice of any scheduled hearing. See Mass. R Civ. E, Rule 6(c).

 Section 84 states: “If in a civil action the defendant makes a motion to dismiss the action for insufficient service of process, the court may dismiss the action without prejudice or may quash the process and allow the issuance and service of new process in accordance with applicable rules of court”

 “If the [service] defect is easily curable, dismissal may be too drastic a remedy; the court then may treat the matter as a motion to quash or set aside the process or service, to be allowed with leave to correct the deficiency. In the federal courts, motions to dismiss under Rule 12(b) (4) or (5) have thus been treated, if plaintiff appears to be reasonably likely to effect proper service.”