Greco, EJ.
On April 18, 2012, Sean Murphy (“Murphy”), an inmate at the Bristol County jail, filed a complaint in the Lynn District Court against George Hartman (“Hartman”) alleging, in part, that in October, 2008, he lent Hartman $6,000.00 by way of a check written on the account of the Angel One Corporation at 407 Walnut Street in Lynn “to be paid upon demand.”[1] Murphy further alleged that this loan transaction “occurred in Hartman’s office at the Lord Wakefield hotel”; that in December, 2011, he “demanded the loan to be repaid”; and that “Hartman has failed” to repay it. Within his prayer for relief, Murphy asked the court to declare that he “can serve defendant at his place of employment due to the unique circumstances” of the case.[2] Murphy verified that these facts were “true and accurate to the best of [his] knowledge and are assigned [sic] the pains and penalties of peijury.”
On July 2,2012, Hartman filed a motion to dismiss, which was allowed on August 22, 2012, apparently without Murphy being heard. In his rulings, the motion judge found that Murphy “failed to prove service” in that there was “no evidence that the individual who received the papers was authorized to receive service”; that he failed to demonstrate any relationship between Angel One Corporation and Murphy; and that “[i]f the identical clam was brought in the Salem District Court..., [Murphy] is estopped from making the same claim in [the Lynn] Court.”
1. Service. Murphy directs our attention to Administrative Directive No. 92-1 of the Superior Court relating to “Inmate Civil Cases-Service of Process,” which was “implemented to address the unique problems that often accompany a civil action by someone who is incarcerated,” with the “aim” to “promote a just and speedy resolution of these civil actions.” This directive, however, appears to apply only to the Superior Court. In any event, the Lynn District Court docket in this case contains the following entry for June 20,2012: “Return of service on complaint and summons to Gilbert E. Hartman Jr. Officer service SERVED at last and usual abode (Mass. R. Civ. P„ Rule 4(f)).”
*104 More generally, while in Ward v. McMahon, 2002 Mass. App. Div. 115, this Division noted that “[t]he decision to dismiss or to instead quash service under Rule 12 (b) (5) [of the Mass. R. Civ. R] rests within the discretion of the motion judge,” id. at 116, we also noted in DiDonato v. Mosher, 1996 Mass. App. Div. 135 that in Federal Courts “[i]t appears to have been uniformly held, however, that the dismissal of a complaint is an inappropriate exercise of such judicial discretion when there exists a reasonable prospect that service may yet be obtained.” Id. at 136. In Ward, as in this case, “there is obviously not only a ‘reasonable prospect’ of corrected service, but a virtual certainty.” Id. at 116. Murphy’s complaint was filed on May 31,2012, and Hartman filed his motion to dismiss only thirty-two days later, thus indicating he may well have been aware of the lawsuit even earlier. In the circumstances of this case, dismissal for lack of service was inappropriate, given that there was some indication that there had been service, that the defendant was incarcerated, and that the defendant would have been able to remedy quickly any deficiency in service. Even though we vacate the dismissal of this case, it remains incumbent upon Murphy to effect proper service of process on Hartman.
2. Failure to state a claim. Rule 8(a) of the Mass. R. Civ. R does not require a detailed complaint, but only “a short and plain statement of the claim showing that the pleader is entitled to relief.” A complaint is “sufficient to survive” a Mass. R Civ. R, Rule 12(b)(6), motion to dismiss, Lopez v. Commonwealth, 463 Mass. 696, 701 (2012), if the factual allegations set forth in the complaint “‘plausibly suggest [] [and are] (not merely consistent with)’ an entitlement to relief.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). “Although detailed factual allegations are not required, a complaint must set forth ‘more than labels and conclusions. ... Factual allegations must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact). ...’” Lopez, supra at 701, quoting Twombly, supra at 555.
In this case, the complaint allegations suggest a right to relief that is clearly more than speculative. Murphy stated under the pains and penalties of perjury that he lent Hartman $6,000.00, a debt that was not repaid on demand. While it may have been preferable for him to indicate also his connection to Angel One Corporation, such an omission was certainly not fatal.[3] The existence of that corporation and its officers was available to the public. Any concern that Murphy was not the appropriate party in interest could have been raised in a motion for summary judgment. In these circumstances, Murphy has overcome the threshold requirement for a complaint.
3. Estoppel. “Judicial estoppel is an equitable doctrine that precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding.” Blanchette v. School Comm. of Westwood, 427 Mass. 176, 184 (1998). ‘The purpose of the doctrine is to prevent the manipulation of the judicial process by litigants.” Canavan’s Case, 432 Mass. 304, 308 (2000). “[T]he doctrine is properly invoked whenever a ‘party is seeking to use the judicial *105 process in an inconsistent way that courts should not tolerate.’” Otis v. Arbella Mut. Ins. Co., 443 Mass. 634, 640 (2005), quoting East Cambridge Sav. Bank v. Wheeler, 422 Mass. 621, 623 (1996). There is nothing before us, and, apparently, there was nothing before the motion judge, to indicate any such manipulation.
Based upon the above, the dismissal of Murphy’s complaint must be vacated.
Accordingly, the judgment for the defendant is vacated, the allowance of the defendant’s motion to dismiss is reversed, and the case is returned to the Lynn District Court for trial.
So ordered.

 Reference was made to an attached “Exhibit A.” While it is not so marked, we assume the exhibit to be the one page that contains copies of six checks on an account in the name of “Angel One Corporation,” one of which was in the amount of $6,000.00 payable to Hartman.

 We take such “circumstances” to mean Murphy’s incarceration.

 In his brief, Murphy stated that he was “the sole owner of Angel One Corporation and the address of Angel One is [his] residence at 407 Walnut St.” in Lynn. Hartman has not filed a brief on this appeal, and there is no indication that the motion judge had this information before him.