Sarason, PJ.
Appellants Brittney Dixon and Darline Dixon challenge the denial of their motion to dismiss Appellee Michael Christopher’s Complaint pursuant to Mass. R. Civ. R, Rule 12(b) (4) and 12(b) (5) for insufficient service of process when Mr. Christopher had attempted service at an address where the Dixons had not lived for more than two years.
On October 4, 2010, there was a motor vehicle accident in which Michael Christopher was allegedly injured by the negligence of Brittney Dixon in a car owned by Darline Dixon. After Mr. Christopher had filed a Complaint in the West Roxbury Division of the Boston Municipal Court on June 25, 2013, Mr. Christopher filed a return of service, dated July 9, 2013, indicating that a Deputy Sheriff had served the Summons and Complaint by leaving copies at the Dixons’ "last and usual place of abode,” 262 Liberty Street, Randolph, Massachusetts and by mailing copies to that address on or about July 3, 2013. On August 1, 2013, the Dixons filed their Answer, alleging in their Sixth (Affirmative) Defense insufficiency of service of process.
On October 11, 2013, seven days after the three-year statute of limitations had expired, the Dixons filed a Motion to Dismiss for insufficiency of process pursuant to Mass. R. Civ. P, Rule 12(b)(4) and 12(b)(5). Attached to the Motion were the Dixons’ uncontroverted (and undated) affidavits stating that although they did live at the Liberty Street address at the time of the accident, less than six months later (in March 2011) they moved to a different address in Randolph. According to the Dixons’ affidavits, they did not learn about the lawsuit until they had received a letter from their attorney dated August 1, 2013.
In response to the Motion to Dismiss, Mr. Christopher filed an affidavit by his attorney stating that several days before the Complaint had been filed, the Dixons’ insurance company confirmed that the Dixons lived at the Liberty Street address. In his affidavit Mr. Christopher also stated that the Dixons’ insurance company and their attorney had requested additional time to serve a response to the Complaint. This affidavit was also uncontroverted.[1]
*167 After the Motion to Dismiss had been heard on October 11, 2013, on November 12,2013 the Court (Tynes, J.) denied the Motion to Dismiss. It does not appear from the record that the Court ordered plaintiff to make new service or quashed the old service.
Discussion
Mass. R. Civ. R, Rule 4(d)(1), requires either personal service of the summons and complaint on the defendant or by leaving copies of those documents at the defendant’s last and usual place of abode. It appears to be uncontroverted that the summons and complaint were not left at the Dixons’ “last and usual place of abode” in July, 2013. See, e.g., U.S. v. Tobins, 483 F. Supp. 2d 68, 75-76 (2007) (“Consistent with this analysis, Massachusetts courts considering whether service was made at an individual’s ‘last and usual place of abode’ have found service to be improper where the defendants no longer resided at the address to which the summons and complaint were delivered. (Citations omitted). Thus, in order to be considered the defendant’s ‘last and usual place of abode’ under Massachusetts law, there must be evidence that the defendant was continuing to use that address as his home.”)
However, that does not answer the critical question in this appeal which is whether or not the trial judge abused his broad discretion, under the circumstances, in denying the Dixons’ motion, pursuant to Mass. R. Civ. R, Rule 12(b)(4) and 12 (b) (5), to dismiss the Complaint for insufficient service. A motion to dismiss does not mandate automatic dismissal where service is insufficient. The motion is addressed to the discretion of the trial judge who may either allow the motion, thereby dismissing the action without prejudice, or simply quash service of process and order new service. See, e.g., Siodis v. Spate, 1999 Mass. App. Div. 148 (June 9,1999). See also Mass. Gen. L. c. 223, section 84.
The trial judge did not, under the factual circumstances of this case, abuse his broad discretion in denying the Dixons’ motion dismiss. Mr. Christopher’s attorney acted reasonably and in apparent good faith in relying on the insurance company’s confirmation of the Dixons’ previous address at their current address. The Dixons’ insurer, the de facto real party in interest, would appear to have in large measure been responsible for the failure of Mr. Christopher to make service by confirming the Dixons’ previous address as their current address.
In addition, the denial of the motion to dismiss did not impose any significant prejudice upon the Dixons. See Siodis, supra, at 150. This Court issued the summons on June 25, 2013; the constable attempted to make service at the Dixons’ previous address on July 3, 2013; and by August 1, 2013, the Dixons and their attorney had not only been made aware of the lawsuit but had also filed their Answer. In short, a little more than five weeks after the summons had been issued, the Dixons were engaged in litigation on the Complaint. This does not suggest that the Dixons suffered any significant prejudice as a result of the trial judge’s ruling on October 30, 2013. See also Mass. R. Civ. R, Rule 4(g).
On the other hand, Mr. Christopher would suffer severe prejudice if the Complaint were dismissed. On October 11, 2013, more than two months after their Answer had been filed and, more important, a week after the statute of limitations had apparently expired on Mr. Christopher’s claim, the Dixons filed their Motion to Dismiss. Had the trial judge allowed the Dixons’ motion to dismiss, it is quite likely that Mr. Christopher would have suffered the ultimate prejudice of his claim being *168 barred forever by the statute of limitations. Furthermore, this Court is not persuaded by the Dixons’ argument that Paragraphs 2 and 3 of their Answer generally denying that they lived at 262 Liberty Street and their Sixth Affirmative Defense of insufficiency of service put Mr. Christopher on effective notice in August, 2013, that they no longer lived at 262 Liberty Street, especially given the Dixons’ denial of almost all allegations in the Complaint and their pro forma recitation of affirmative defenses.
Furthermore, “dismissal of a complaint is an inappropriate exercise of such judicial discretion when there exists a reasonable prospect that service may yet be obtained.” DiDonato v. Mosher, 1996 Mass. 135,136 (1996). In this case, there was a reasonable prospect that Mr. Christopher, having been informed of the current address of the Dixons, could obtain proper service upon the Dixons without significant difficulty.
It is true that the record is silent as to whether or not Mr. Christopher made service, or attempted to make service, on the Dixons after learning their new address around October 11,2013 or after the motion to dismiss had been denied on October 30, 2013. Although it might have been better practice for Mr. Christopher to have tried to make service at an earlier date, this Court does not find that his failure to do so was fatal to his position or imposed any prejudice upon the Dixons.
Conclusion
For the reasons set forth above, we find that Mr. Christopher has shown good cause for his failure to have made service within ninety days after the Complaint had been filed. Therefore, we affirm the trial judge’s denial of the Dixons’ Motion to Dismiss.
In addition, pursuant to Mass. R. Civ. P., Rule 4© and in the interests of justice and efficient use of judicial resources, we allow Mr. Christopher thirty days from notice of this Opinion to effect service of the summons and complaint upon both Defendants. See Siodis at 150, n. 5.
So ordered.

 But see Brief of Defendants/Appellants at 7, n. 1.